JOHN J. RONDONI *vs.* HAROLD V. LANGLOIS.

JULY 8, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an application for a writ of habeas corpus directed to Harold V. Langlois, warden of the adult correctional institutions of this state. Leave to file such application was granted and citation was issued to the respondent to appear on May 1, 1959 and show cause why the petitioner should not be discharged from custody.

The respondent, by the attorney general, duly appeared and contended that petitioner was lawfully in custody as a result of violating his parole. He further argued that none of the reasons alleged in petitioner's application as grounds for his release had any validity. In his brief he pointed out that petitioner had previously applied to the superior court for habeas corpus on the same grounds and that after a hearing thereon his application was denied. The respondent relied upon the reasons given by the justice of that court for his decision and appended a copy thereof to his brief.

The petitioner conceded that he had advanced the same reasons in the superior court in support of his application as he has in his application here but pointed out that the justice of that court did not decide certain constitutional

questions. He now seeks a determination of such questions here and certain other questions subsidiary thereto. Briefly he claims that under the parole statute as it existed at the time of his sentence he was entitled to have the time which elapsed while he was on parole and prior to its revocation counted as part of his sentence. And he also claims that any alteration in the parole statute that would have the effect of denying him such benefit could not constitutionally be applied to him. He further claims that while he was on parole he was not actually "free" since he had to comply with certain restrictions on his freedom and therefore his sentence continued to run during that time. We shall hereinafter discuss such claims in more detail.

However, before indulging in a discussion of the applicable law we shall state briefly the events that precipitated the controversy between the parties. The petitioner was sentenced on October 14, 1947 to a term of three years in the men's reformatory and on April 20, 1948 to another term of three years to run consecutively. He was granted a parole on April 10, 1950 on condition that he live in Massachusetts and submit to its parole authorities. He accepted the parole under those conditions which among others were set out in a written agreement with the parole board of this state.

On January 14, 1951 he was arrested in Massachusetts and charged with a serious moral offense. Thereupon the parole board of this state issued a detention warrant but took no action under it pending the outcome of petitioner's trial in Massachusetts which had been set for March 5, 1951. However, he did not appear for trial on that date and his bail was defaulted.

On March 16, 1951 the Rhode Island parole board issued a warrant for his arrest and on April 26, 1951 revoked his parole permit. Thereafter it was discovered that he had been arrested in Connecticut and charged with carrying a concealed weapon. After serving part of a sentence of two

to four years in Connecticut state prison he was sentenced on March 18, 1955 to a term of five to seven years in the correctional institutions of Massachusetts on the charge of abuse of a female child. On April 4, 1957 he was arrested and returned to serve the balance of his term in the adult correctional institutions of this state as of the date of his parole.

When he accepted the parole conditions on March 30, 1950 and at the time the parole permit was issued to him on April 10, 1950 the pertinent statute under which parole was granted, general laws 1938, chapter 63, §17, as amended, did not expressly provide that elapsed time on parole should not be considered part of the original sentence. But by public laws 1946, chap. 1773, the reformatory board of parole was vested with all the powers and duties which were vested in the prison board of parole under G. L. 1938, chap. 617, §§3, 5, 6, 7, 8 and 9. And under §5 there was such a provision.

Pursuant thereto the reformatory board of parole incorporated in paragraph 4 of petitioner's parole agreement the following condition: "I agree that when this permit has been revoked or has become void, as aforesaid, the Parole Board may issue an order authorizing my arrest and my return to the place of confinement, and that I shall be detained therein according to the terms of my original sentence: and in computing the period of my confinement the time between my release upon said permit and my return to the place or [of] my original confinement shall not be considered as any part of the term of my original sentence."

The superior court construed the statute as authorizing the reformatory board to require such a condition in any grant of parole. Consequently since petitioner's parole was granted after 1946 he was bound by that condition to which he had assented in his parole agreement. We agree with the superior court's construction.

However, petitioner contends that such construction renders the parole statute an ex post facto law in so far as it is made applicable to him and that it deprives him of his liberty contrary to the law of the land and in violation of article I, secs. 12 and 10, respectively, of the constitution of this state. He bases those contentions on a right to parole as it existed at the date of his sentence on October 14, 1947.

There is no merit in either contention even on the assumption that he has a vested right to parole, since under the above construction of the statute as it was amended it applied to the reformatory parole board and took effect before the date of his sentence. But there is no merit in the contentions for an even stronger reason. No right to a parole under conditions existing at the time of his sentence ever accrued to him. Indeed, parole is not a right. It is a privilege which the legislature may confer, withhold or withdraw. And the conditions under which it may be obtained may be changed at any time before parole is granted. Consequently the constitutional guaranties cited above and upon which petitioner relies have no application.

The petitioner alleged another constitutional ground in his application under which he questions the right of the legislature to enact the provision with reference to time on parole not being part of the sentence, but since that point has not been briefed or argued it is deemed to be waived. The same may be said of the allegation in "Count Number Two" of his application wherein he questions the authority of the parole board to revoke his parole permit.

After carefully considering all the reasons pressed by the petitioner in his brief and on oral argument, we are of the opinion that the revocation of his parole permit was authorized by the statute, that such statute constitutionally provides that the time which elapsed while the petitioner was on parole should not be considered part of his sentence, and that the legislature did not usurp the prerogative of

the judiciary in so providing. Hence the petitioner was lawfully remanded to custody and is lawfully being required to serve the remainder of his sentence without the benefit of any reduction thereof by reason of the time he was on parole.

Therefore the petitioner's application for a writ of habeas corpus is denied and dismissed.

*Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Atty. Gen., *Edward F. J. Dwyer,* Ass't Atty. Gen., for respondent.